UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY CHARLES JONES,

        Plaintiff,                        Case No. 2:25-cv-14031

v.                                         Honorable Susan K. DeClercq
                                                United States District Judge
FRANCES YTURRI, and
PATRICIA FRESARD,

        Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT (ECF No. 1)**

In December 2025, Plaintiff Gregory Charles Jones, proceeding *pro se*, sued Defendants, Wayne County Circuit Court's General Counsel, Frances Yturri, and Wayne County Circuit Court Chief Judge Patricia P. Fresard, for allegedly denying disability accommodations. ECF No. 1. He also applied to proceed *in forma pauperis*, ECF No. 2, and filed a motion to appoint counsel and notify the Court of his disability status, ECF No. 3. Jones's application supports his claim of poverty, so it will be granted. However, as explained below, his complaint will be dismissed for failure to state a claim upon which relief can be granted and his motion will thereby be denied as moot.

## I. BACKGROUND

In his complaint, Jones claims that he "repeatedly requested ADA [Americans with Disabilities Act] accommodations," but Wayne County Circuit Judge Yvonna Abraham—whom Jones does not attempt to sue in this case—denied his requests "based solely on her personal preference, without legal justification, and contrary to federal law." ECF No. 1 at PageID.2. Accordingly, Jones filed appeals, and later, a grievance, with Yturri, Wayne County Circuit Court's General Counsel. *Id.* Jones claims that Yturri told him that Chief Judge Fresard had asked Yturri "to investigate whether Judge Abraham 'has the right' to deny ADA accommodations at her discretion." *Id.* Yturri then informed Jones that Chief Judge Fresard "supported the position that [his] ADA accommodations exist only if Judge Abraham approves them, making ADA rights dependent on a single judge's personal decisions." *Id.*

On the basis of these experiences, Jones argues that Yturri and Chief Judge Fresard violated Jones's civil rights and endorsed an illegal policy of preventing Jones from accessing the Wayne County Circuit Court safely. *Id.* In his complaint, he raises five counts: violation of Title II of the ADA, 42 U.S.C. § 12132 (Count I); retaliation under 42 U.S.C. § 1983 (Count II); violation of the Rehabilitation Act, 29 U.S.C. § 794; (Count III); violation of due process and equal protected under 42 U.S.C. § 1983 (Count IV); and conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3). *Id.* at PageID.3–4. Jones seeks a declaration that Defendants

violated his civil rights, an injunction requiring that Wayne County Circuit County "comply with the ADA," and monetary relief in the amount of $1,000,000,000.00. *Id.* at PageID.5.

## II. LEGAL STANDARD

Because Jones proceeds *in forma pauperis*, his claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Jones also proceeds *pro se*, and so his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Jones is not immune from compliance with the Civil Rules. His complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant[s] fair notice" of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, his

complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

### III. ANALYSIS

Jones seeks various relief—including $1 billion dollars in damages—against Chief Judge Fresard and the court's general counsel, Yturri, suing them in their individual and official capacities. *See* ECF No. 1. But because he only raises allegations concerning their official administrative actions, he cannot sue them in their individual capacities. *See generally Hill*, 630 F.3d 470–71 (requiring a complaint to contain sufficient factual matter to state a plausible claim for relief). Each will be addressed in turn.

### A. Chief Judge Fresard

Jones cannot bring suit against Chief Judge Fresard because she is entitled to absolute judicial immunity in this matter. *See Ward v. City of Norwalk*, 640 F. App'x 462, 466 (6th Cir. 2016). "A judge is immune from a suit for money damages. There are only two sets of circumstances in which judicial immunity does not attach to a judge's acts: (2) if the judge's actions were non-judicial; or (2) if the judge performed actions in the complete absence of all jurisdiction." *Id.* (cleaned up). Jones's limited factual allegations suggest that Chief Judge Fresard simply declined to disturb Judge

Abraham's decision about Jones's request for accommodations. ECF No. 1 at PageID.2. Thus, Jones does not allege that Judge Fresard actually *did* anything. In the absence of any action—judicial or otherwise—and without plausible allegations that Chief Judge Fresard was authorized and required to act, Jones fails to state a plausible claim, much less overcome the high bar of judicial immunity. *See Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (holding that "[j]udicial immunity exits even where a judge acts corruptly or with malice," and that the courts "err on the side of granting [judicial] immunity in close cases"). Moreover, judges are absolutely immune from claims involving the denial of ADA accommodations. *See, e.g.*, *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1144 (9th Cir. 2001).

Regarding his request for declaratory and injunctive relief, these are unwarranted because Jones does not allege facts that show a threat of future injury from Chief Judge Fresard. *See Hearring v. Sliwowski*, 806 F.3d 864, 868 (6th Cir. 2015); *see also Simmons v. Cnty. of Wayne*, No. 22-11953, 2023 WL 6807001, at *4 (E.D. Mich. Oct. 16, 2023) ("Plaintiff also has no standing to pursue injunctive relief against Judge Thomas as there is no showing of any real and immediate threat of future injury to Plaintiff from Judge Thomas."). Thus, Jones's claims against Chief Judge Fresard will be dismissed.

## B. General Counsel Yturri

General Counsel Yturri is also entitled to absolute quasi-judicial immunity because Yturri acted at the direction of Chief Judge Fresard to communicate Chief Judge Fresard's position on the matter Jones raised.

The United States Supreme Court "has extended absolute immunity to certain others who perform functions closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). These can include "federal hearing examiner[s]," "administrative law judge[s]," "federal and state prosecutors," and "witnesses, including police officers, who testify in judicial proceedings" because they are integral to the judicial process. *Id.* "To determine whether an individual public official is entitled to absolute immunity, we examine the nature of the functions with which a particular officer…has been lawful entrusted and evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions." *Cooperrider v. Woods*, 127 F.4th 1019, 1029 (6th Cir. 2025) (internal quotation marks and citation omitted).

Here, Jones alleges that Yturri received his ADA grievance, e-mailed him that Chief Judge Fresard "instructed her to investigate whether Judge Abraham 'has the right' to deny ADA accommodations at her discretion," [and] further informed Jones that Chief Judge Fresard "supported the position that [Jones's] ADA accommodations exist only if Judge Abraham approves them." ECF No. 1 at

PageID.2. These factual allegations are limited but suggest that Yturri was performing a function "closely associated with the judicial process" by handling an ADA grievance, making legal determinations about judicial discretion over ADA requests, and conveying a decision on the matter. *See Cleavinger*, 474 U.S. at 200; *see also Cooperrider*, 127 F.4th at 1029–30, 1044 (holding that a state agency's general counsel was entitled to absolute quasi-judicial immunity). In fact, a court's general counsel is not dissimilar to a judicial law clerk in that both assist a judge in carrying out judicial functions, and "[l]aw clerks are entitled to absolute judicial immunity when assisting the judge in carrying out the former's judicial functions." *Carney v. Christiansen*, No. 1:05-CV-252, 2007 WL 2984201, at *9 (citing *Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003)). This immunity includes claims for monetary and injunctive relief. *See id.* Thus, these claims will also be dismissed.

In sum, Jones cannot bring his suit against Chief Judge Fresard and Yturri because they are entitled to judicial immunity. And because his suit will be dismissed, his motion to appoint counsel will be denied as moot.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepaying Fees or Costs, ECF No. 2, is **GRANTED**;

- 7 -

2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**; and

3. Plaintiff's Motion to Appoint Counsel and Notice of Disability Status, ECF No. 3 is **DENIED AS MOOT**; and

4. Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: December 23, 2025